# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **GRAZIANO LED IP LLC,**<br>**Plaintiff,**<br><br>v.<br><br>**THE HOME DEPOT, INC.**<br>**Defendant** | Civil Action No. 2:24-cv-01071<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Graziano LED IP, LLC, ("Graziano") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of US Patent No. 10,125,971 ("the '971 patent") (or the "Patents-in-Suit") by The Home Depot, Inc. ("Home Depot" or "Defendant").

I.   **THE PARTIES**

1.   Plaintiff is a Texas limited liability corporation with its principal place of business located in Austin, Texas.

2.   On information and belief, Defendant is a corporation organized and existing under the laws of Delaware.  Defendant has a regular and established place of business at 411 E Loop 281, Longview, TX, 75605.  Defendant can be served through its registered agent, Corporation Service Company at 251 Little Falls Drive, Wilmington, DE, 19808 at its place of business, or anywhere else it may be found.

II.   **JURISDICTION AND VENUE**

3.   This civil action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*., including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285 based on Defendant's

1

unauthorized commercial manufacture, use, importation, offer for sale, and sale of the Accused Products in the United States. This is a patent infringement lawsuit over which this Court has subject matter jurisdiction under, *inter alia*, 28 U.S.C. §§ 1331, 1332, and 1338(a).

4. This United States District Court for the Eastern District of Texas has general and specific personal jurisdiction over Defendant because, directly or through intermediaries, Defendant has committed acts within the District giving rise to this action and are present in and transact and conduct business in and with residents of this District and the State of Texas.

5. Plaintiff's causes of action arise, at least in part, from Defendant's contacts with and activities in this District and the State of Texas.

6. Defendant has committed acts of infringing the patents-in-suit within this District and the State of Texas by making, using, selling, offering for sale, and/or importing in or into this District and elsewhere in the State of Texas, products claimed by the patents-in-suit, including without limitation products made by practicing the claimed methods of the patents-in-suit. Defendant, directly and through intermediaries, makes, uses, sells, offers for sale, imports, ships, distributes, advertises, promotes, and/or otherwise commercializes such infringing products into this District and the State of Texas. Defendant regularly conducts and solicits business in, engages in other persistent courses of conduct in, and/or derives substantial revenue from goods and services provided to residents of this District and the State of Texas.

7. This Court has personal jurisdiction over Defendant, in part, because Defendant does continuous and systematic business in this District, including by providing infringing products and services to the residents of the Eastern District of Texas that Defendant knew would be used within this District, and by soliciting business from the residents of the Eastern District of

Texas. For example, Defendant is subject to personal jurisdiction in this Court because, *inter alia*, Defendant has regular and established places of business throughout this District, including at least at 411 E Loop 281, Longview, TX, 75605, and directly and through agents regularly does, solicits, and transacts business in the Eastern District of Texas. Also, Defendant has hired and is hiring within this District for positions that, on information and belief, relate to infringement of the patents-in-suit. Accordingly, this Court's jurisdiction over the Defendant comports with the constitutional standards of fair play and substantial justice and arises directly from the Defendant's purposeful minimum contacts with the State of Texas.

8. This Court also has personal jurisdiction over Defendant, because in addition to Defendant's own online website and advertising within this District, Defendant has also made its products available within this judicial district and advertised to residents within the District to hire employees to be located in this District.

9. The amount in controversy exceeds $75,000 exclusive of interests and costs.

10. Venue is proper in this Court under 28 U.S.C. § 1400(b) based on information set forth herein, which is hereby repeated and incorporated by reference. Further, upon information and belief, Defendant has committed or induced acts of infringement, and/or advertise, market, sell, and/or offer to sell products, including infringing products, in this District. In addition, and without limitation, Defendant has regular and established places of business throughout this District, including at least at 411 E Loop 281, Longview, TX, 75605.

### III.     INFRINGEMENT OF THE '971 PATENT

11. On October 24, 2018, U.S. Patent No. 10,125,971 ("the '971 patent", included as an attachment) entitled "LED lamp integrated to electric fan" was duly and legally issued by the U.S. Patent and Trademark Office.  Plaintiff owns the '971 patent by assignment.

12. Support for the allegations of infringement may be found in the following exemplary table included as Exhibits B.  These allegations of infringement are preliminary and are therefore subject to change.

13. Defendant has and continues to induce infringement. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and and related products and services such as to cause infringement of one or more of claims 1-20 of the '971 patent, literally or under the doctrine of equivalents.  Moreover, Defendant has known of the '971 patent and the technology underlying it from at least the filing date of the lawsuit.[1]  For clarity, direct infringement is previously alleged in this complaint.

14. Defendant has and continues to contributorily infringe. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., instructing customers and others on the use of lights with ceiling fans and related systems through its website and product instruction manuals) such as to cause infringement of one or more of claims 1-20 of the '971 patent, literally or under the doctrine of equivalents. Moreover, Defendant has known of the '971 patent and the technology underlying it from at least the filing date of the lawsuit.[2] For clarity, direct infringement

---

[1] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.
[2] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.

4

is previously alleged in this complaint. The product's and services' only reasonable use is an infringing use and there is no evidence to the contrary. The product and service is not a staple commercial product and Defendant had reason to believe that the customer's use of the product and/or service would be an infringing use. As shown on Defendant's website at https://images.thdstatic.com/catalog/pdfImages/03/03a920a2-2371-46ef-ade5-8983b3f50a18.pdf, Defendant offers the products and/or service with instruction or advertisement that suggests an infringing use.

**15.** Defendant has caused and will continue to cause Plaintiff damage by direct and indirect infringement of (including inducing infringement and contributory infringement) the claims of the '971 patent.

IV. **CONDITIONS PRECEDENT**

16. Plaintiff has never sold a product. Upon information and belief, Plaintiff predecessor-in-interest has never sold a product. Plaintiff is a non-practicing entity, with no products to mark. Plaintiff has pled all statutory requirements to obtain pre-suit damages. Further, all conditions precedent to recovery are met. Under the rule of reason analysis, Plaintiff has taken reasonable steps to ensure marking by any licensee producing a patented article.

17. Plaintiff and its predecessors-in-interest have entered into settlement licenses with several defendant entities, but none of the settlement licenses were to produce a patented article, for or under the Plaintiff's patents. Duties of confidentiality prevent disclosure of settlement licenses and their terms in this pleading but discovery will show that Plaintiff and its predecessors-in-interest have substantially complied with Section 287(a). Furthermore, each of the defendant entities in the settlement licenses did not agree that they were infringing any of Plaintiff's patents, including the

Patents-in-Suit, and thus were not entering into the settlement license to produce a patented article for Plaintiff or under its patents. Further, to the extent necessary, Plaintiff will limit its claims of infringement to method claims and thereby remove any requirement for marking.

18. To the extent Defendant identifies an alleged unmarked product produced for Plaintiff or under Plaintiff's patents, Plaintiff will develop evidence in discovery to either show that the alleged unmarked product does not practice the Patents-in-suit and that Plaintiff has substantially complied with the marking statute. Defendant has failed to identify any alleged patented article for which Section 287(a) would apply. Further, Defendant has failed to allege any defendant entity produce a patented article.

19. The policy of § 287 serves three related purposes: (1) helping to avoid innocent infringement; (2) encouraging patentees to give public notice that the article is patented; and (3) aiding the public to identify whether an article is patented. These policy considerations are advanced when parties are allowed to freely settle cases without admitting infringement and thus not require marking. All settlement licenses were to end litigation and thus the policies of §287 are not violated. Such a result is further warranted by 35 U.S.C. §286 which allows for the recovery of damages for six years prior to the filing of the complaint.

20. For each previous settlement license, Plaintiff understood that (1) the settlement license was the end of litigation between the defendant entity and Plaintiff and was not a license where the defendant entity was looking to sell a product under any of Plaintiff's patents; (2) the settlement license was entered into to terminate litigation and prevent future litigation between Plaintiff and defendant entity for patent infringement; (3) defendant entity did not believe it produced any product that could be considered a patentable article under 35 U.S.C. §287; and, (4) Plaintiff

believes it has taken reasonable steps to ensure compliance with 35 U.S.C. §287 for each prior settlement license.

21. Each settlement license that was entered into between the defendant entity and Plaintiff was negotiated in the face of continued litigation and while Plaintiff believes there was infringement, no defendant entity agreed that it was infringing. Thus, each prior settlement license reflected a desire to end litigation and as such the policies of §287 are not violated.

**V.   JURY DEMAND**

22. Plaintiff hereby requests a trial by jury on issues so triable by right.

**VI.   PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

a. enter judgment that Defendant has infringed the claims of the '984 patent and '793 patents;

b. award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement, in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c. award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement; and

d. declare this case to be "exceptional" under 35 U.S.C. § 285 and award Plaintiff its attorneys' fees, expenses, and costs incurred in this action;

e. provided discovery reveals that Defendant knew (1) knew of the patent-in-suit prior to the filing date of the lawsuit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent, declare Defendants' infringement to be willful and treble the damages, including

attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f. a decree addressing future infringement that either (i) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patents-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendants will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and,

award Plaintiff such other and further relief as this Court deems just and proper.

Respectfully submitted,

**Ramey LLP**

*/s/ William P. Ramey, III*
William P. Ramey, III
Texas Bar No. 24027643
wramey@rameyfirm.com
Jeffrey E. Kubiak
Texas Bar No. 24028470
jkubiak@rameyfirm.com
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)

***Attorneys for GRAZIANO LED IP LLC***